UNITED STATES OF AMERICA
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> JILL DOUCETTE ) <br> ) | CRIMINAL NO. <br> 04-mj-10135-GAO <br> MJM04-812-MBB |

## MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS OF DEFENDANT

The Defendant, Jill Doucette, hereby submits this Memorandum of Law in Support of her Motion to Suppress.

I.   **ISSUES PRESENTED**

   A.   Whether the statement made by Ms. Doucette shortly after her arrest, while she was high on heroin, in custody, without having been informed of the nature of her <u>Miranda</u> rights and without having signed a written waiver of those rights, must be suppressed.

II.   **STATEMENT OF FACTS**

On April 7, 2004, Jill Doucette was arrested, taken to the Wakefield Police Department, and questioned by D.E.A. Special Agent Clem Fisher. Ms. Doucette, a twenty-four year-old heroin addict, was high at the time of her arrest and interrogation. She was never informed of her <u>Miranda</u> rights, and she never waived her rights either orallly or in writing.

III.  **ARGUMENT**

   <u>The Defendant's Post-Arrest Statement Made During Custodial Interrogation Must Be Suppressed Because the Defendant Was Never Advised of Her Miranda Rights, Nor Did She Waive Those Rights.</u>

   The post-arrest statements made by Ms. Doucette during the custodial interrogation must be suppressed, as they were made in violation of the defendant's Fifth Amendment rights. There can be no dispute that she was in custody; the statements are characterized by D.E.A. Agent Fisher in his report as "post-arrest," and the report indicates that the statements were made at the police station. They are clearly "statements," as they are also characterized as such in the DEA Report. Finally, it appears beyond dispute that the statements were made in response to an interrogation, rather than spontaneous statements offered at the defendant's own initiative. The agent's report states that he took Ms. Doucette's statement.

   In these circumstances, Ms. Doucette had a right to <u>Miranda</u> warnings, which warnings she never received. <u>Affidavit of Jill Doucette</u>. Her statements must therefore be suppressed. <u>United States v. Faulkingham</u>, 295 F.3d 85 (1st Cir. 2002); <u>United States v. Trueber</u>, 238 F.3d 79 (1st Cir. 2001).

   WHEREFORE, the defendant respectfully requests this Honorable Court to order all statements made or allegedly made by Ms. Doucette to be suppressed.

Respectfully submitted,

JILL DOUCETTE
By her Attorney

Leslie Feldman-Rumpler, Esq.
BBO # 555792
101 Tremont Street, Suite 708
Boston, MA  02109

## CERTIFICATE OF SERVICE

    The undersigned, counsel for the defendant, hereby certifies that the within document has been served on all parties of interest.

__1/25/05__  
Date

_____  
Leslie Feldman-Rumpler, Esq.

UNITED STATES OF AMERICA
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. |
| ) | 04-mj-10135-GAO |
| v.  ) | MJM04-812-MBB |
| ) | |
| JILL DOUCETTE ) | |

### AFFIDAVIT OF JILL DOUCETTE

I, Jill Doucette, do hereby depose and say as follows:

1. I am the defendant in the above-captioned case.

2. At the time of my arrest, I was high.

3. I was never informed of my rights under Miranda, nor was I shown a statement of my rights or asked to sign a Miranda card.

4. I spoke with a police officer after my arrest only because I thought I had no choice.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

1-24-05
Date

Jill Doucette